_JjPER CURIAM.*
This matter arises from a petition by the State of Louisiana Department of Social Services, Office of Community Services *1282 (“state”) seeking to terminate the parental rights of D.H., father of D.T. and D.T.[1]
In September 1997, D.T., then age and D.T., then age 2, began living with their father, D.H., following allegations of abuse by their mother’s boyfriend. On November 21, 1997, D.H. was arrested and jailed on drug charges, and thereafter the children lived with their paternal great-grandmother. On December 29, 1997, the state was awarded custody of the children because their great-grandmother was no longer able to care for them and because the whereabouts of their mother was unknown. In May 1998, D.H. was convicted by a jury of the offense of possession of cocaine with intent to distribute, and having been billed as a multiple offender, he was subsequently sentenced to life in prison. D.H. has appealed his conviction and sentence, and that appeal is currently pending in the court of appeal.[2]
In March 1999, the state filed a petition to terminate D.H.’s parental rights pursuant to La.Ch.Code art. 1015(6),[3] alleging that he would be unable to care for the children for an ^extended period of time because of his incarceration and that he had failed to provide a reasonable plan for the appropriate care of his children, other than foster care.
After a trial on the merits, the juvenile court found that the state had proven by clear and convincing evidence that D.H. had been convicted and sentenced to a life sentence and that he had failed to provide a reasonable plan for the appropriate care of his children.[4] However, the juvenile court deferred ruling on the petition to terminate D.H.’s parental rights because the appeal of his criminal conviction was still pending.
The state sought supervisory review in the court of appeal, which denied relief. This application followed.
We find the juvenile court erred in deferring ruling on the state’s petition to terminate D.H.’s parental rights pending the appeal of his criminal conviction. La. Ch.Code art. 1015(6) allows termination of parental rights when the parent has been “convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time....” [emphasis added] It is undisputed that D.H. has been convicted and sentenced to a term of life imprisonment. Nothing in La.Ch.Code art. 1015(6) requires that the conviction and sentence be affirmed on appeal.
Moreover, the state points out that the interests of the children will be adversely affected by requiring them to remain in foster care during the pendency of D.H.’s criminal appeal. As we recognized in State in the Interest of S.M., 98-0922 at pp. 14-15 (La.10/20/98), 719 So.2d 445, 452:
More than simply protecting parental rights, our judicial system is required to protect the children’s rights to thrive and survive. Furthermore, a child has an interest in the termination of rights *1283 that prevent adoption and inhibit that child’s establishment of secure, stable, long term, continuous family relationships. While the interest of a parent is protected in a termination proceeding by enforcing the procedural rules enacted to insure that parental rights are not thoughtlessly severed, those interests must ultimately yield to the paramount best interest of the children, [emphasis added; citations omitted]
l.-iThe interests of these children in being placed in a stable and secure environment outweigh any possible inequity which could result to D.H. in the event his conviction and sentence are reversed an appeal.[5]
Accordingly, the writ is granted. The case is remanded to the juvenile court, which is ordered to rule on.the petition for termination of parental rights in an expedited manner.
LEMMON, J., concurs.
VICTORY, J., dissents.

 Calogero, CJ. not on panel. Rule IV, Part II, § 3.

. Both children have identical initials. One child is a male, the other is a female.

. Although the appeal is considered active, the appellate court has not yet received transcripts from the Orleans Parish Criminal District Court, and consequently, no briefing schedule has been initiated.

. La.Ch.Code art. 1015 provides in pertinent part:
The grounds for termination of parental rights are:
[[Image here]]
(6) The child is in the custody of the department pursuant to a court order or placement by the parent; the parent has been convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time; and despite notice by the department, the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.

.The juvenile court’s judgment also terminated the parental rights of the children's mother, but that portion of the judgment is not at issue here.

. Additionally, we note that D.H. could have protected his rights by providing a reasonable plan for the appropriate care of the children other than foster care. However, the juvenile court made a finding of fact that he failed to do so.